UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| BESSIE L. MARSHALL, | : | CASE NO. 08-32343-DHW |
| Debtor. | : | |
| ----- ----- ----- ----- ----- ----- ----- | ----- ----- ----- ----- ----- ----- | |
| WELLS FARGO FINANCIAL | : | |
| ALABAMA, INC., | : | |
| Movant, | : | CONTESTED MATTER |
| v. | : | |
| BESSIE L. MARSHALL, Debtor, | : | |
| JAMIE CHANTAL MARSHALL, Co-Debtor, | : | |
| and CURTIS C. REDING, Chapter 13 Trustee, | : | |
| Respondents. | : | |

MOTION FOR RELIEF FROM STAY AND MOTION FOR RELIEF FROM
CO-DEBTOR STAY

COMES NOW Wells Fargo Financial Alabama, Inc., hereinafter referred to as Creditor,

pursuant to 11 U.S.C. Section 362(d), and respectfully shows the Court the following:

1.

Debtor filed this Chapter 13 case in the Middle District of Alabama, Montgomery

Division.

2.

Creditor has a claim in the amount of $60,156.36, secured by Alabama Real Estate

Mortgage on real property commonly known as 105 Cottonwood Court, Prattville, Alabama

36067, as more particularly described in the attached Exhibit. See Exhibit "A" attached.

3.

The aforementioned property is not necessary for the effective rehabilitation of the

Debtor under Chapter 13. 11 U.S.C. Section 362(d)(2).

4.

There is little or no equity in the aforementioned property for the benefit of either the

Chapter 13 estate of the Debtor herein. 11 U.S.C. Section 362(d)(2). The fair market value of

the real property commonly known as 105 Cottonwood Court, Prattville, Alabama 36067 is approximately $35,000.00.

5.

Debtor is delinquent with post-petition payments in the approximate amount of $1,278.80 (representing $8.63 for January 2010 and $423.39 for February thru April 2010). Creditor is not adequately protected.

6.

Cause, including the lack of adequate protection, exists for lifting of the automatic stay. 11 U.S.C. Section 362 (d)(1).

WHEREFORE, Creditor prays that hearing be scheduled in this matter and relief from the automatic stay be granted so as to allow Creditor to dispose of the aforementioned property in accordance with its contract and its state law remedies, that the 14 day stay provided for in Fed. R. Bankr. P. 4001(a)(3) be waived, and for such other relief as the Court deems proper.

Respectfully submitted,

/s/＿＿＿＿＿Paul R. Knighten＿＿＿＿＿
Paul R. Knighten, AL Bar KNI017
Sicay-Perrow, Knighten & Bohan, P.C.
133 Peachtree Street, Suite 3475
Atlanta, GA 30303
prk@sicay-perrow.com
404-589-1832
404-589-1833 (facsimile)

Page 1 of 13
InstrumentID: 191228
RLPY Book: 2005 Page: 12761
12/21/2005 9:45:06 AM
Autauga County, AL
Alfred Q. Booth
Judge of Probate
Recording Fee: $47.00
Taxes: $85.05
Total: $132.05

Prepared by: MARK STEINHELPER
Wells Fargo Financial, Inc.
604 Locust
Des Moines, Iowa 50309

Return to: WELLS FARGO FINANCIAL ALABAMA, INC.
2138 COBBS FORD RD
PRATTVILLE, AL 36066

# MORTGAGE

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 9, 11, 16, 18 and 19. Certain rules regarding the usage of words used in this document are also provided in Section 14.

(A)    "Security Instrument" means this document, which is dated    12/09/05   , together with all Riders to this document.

(B)    "Borrower" is BESSIE L. MARSHALL, A SINGLE PERSON AND JAMIE CHANTAI MARSHALL, A SINGLE PERSON JOINT TENANTS WITH RIGHTS OF SURVIVORSHIP
Borrower is the mortgagor under this Security Instrument.

(C)    "Lender" is Wells Fargo Financial Alabama, Inc. Lender is a corporation organized and existing under the laws of Alabama. Lender's address is    2138 COBBS FORD RD PRATTVILLE, AL 36066   . Lender is the mortgagee under this Security Instrument.

(D)    "Note" means the promissory note signed by Borrower and dated    12/09/05   . The Note states that Borrower owes Lender $ 56682.18    (U.S. Dollars) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than    12/14/35   .

(E)    "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(F)    "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(G)    "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

[X] Adjustable Rate Rider    [ ] Condominium Rider    [ ] Second Home Rider
[ ] Balloon Rider    [ ] Planned Unit Development Rider    [ ] Other(s) [specify]
[ ] 1-4 Family Rider    [ ] Biweekly Payment Rider

(H)    "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(I)    "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(J)    "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

Page 1 of 8

APR. 21. 2010 2:12PM    WF FIN 5157279840    NO. 6349   P. 3/21

DEC-12-2005 MON 11:27 AM WELLS FARGO 1058          FAX NO. 3342860511          P. 08

(K)   "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 4) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(L)   "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(M)   "Periodic Payment" means the regularly scheduled amount due for principal and interest under the Note.
(N)   "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.
(O)   "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably mortgages, grants and conveys to Lender, with power of sale, the following described property located in the
_____COUNTY_____ of _____AUTAUGA_____ :
[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]

The Description of the Property is on a separate form as "Addendum A to Mortgage" attached to and incorporated into this Mortgage.

which currently has the address of _____105 COTTONWOOD CT_____
                                                          [Street]
_____PRATTVILLE_____ , Alabama _____36067_____  ("Property Address"):
[City]                                          [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1.   Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Borrower

_____ (Seal)
BISSIE L MARSHALL

Borrower

_____ (Seal)
JAMIE CHANTAL MARSHALL

Borrower

_____ (Seal)

Borrower

_____ (Seal)

_____ [Space Below This Line For Acknowledgment] _____

STATE OF ALABAMA

Montgomery ............... COUNTY

I, the undersigned authority, in and for said County in said State, hereby certify that
BISSIE L. MARSHALL, A SINGLE PERSON AND JAMIE
CHANTAL MARSHALL, A SINGLE PERSON JOINT TENANTS WITH
RIGHTS OF SURVIVORSHIP

whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he/she/they executed the same voluntarily on the day the same bears date.

Given under my hand and official seal, this the ___9th___ day of ___December___ 2005

_____
Notary Public

MENDY DISMUKES
NOTARY PUBLIC
ALABAMA STATE AT LARGE
MY COMMISSION EXPIRES
MARCH 14, 2009

RECEIVED 2005/12/12 11:39:30



ADDENDUM A
TO
MORTGAGE

Description of Property

Lot 35, according to the map of Chestnut Park Subdivision, as the same appears of record in the Office of the Judge of Probate of Autauga County, Alabama, in Map Book 2, Page 220.

## ADDENDUM A
## TO
## MORTGAGE

### Description of Property

Lot 35, according to the map of Chestnut Park Subdivision, as the same appears of record in the Office of the Judge of Probate of Autauga County, Alabama, in Map Book 3, Page 220.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

IN RE: : CHAPTER 13
:
BESSIE L. MARSHALL, : CASE NO. 08-32343-DHW
                              Debtor.     :

----- ----- ----- ----- ----- ----- ----- ----- ----- ----- ----- ----- -----
WELLS FARGO FINANCIAL :
ALABAMA, INC., :
                              Movant,     : CONTESTED MATTER
v. :
BESSIE L. MARSHALL, Debtor, :
JAMIE CHANTAL MARSHALL, Co-Debtor, :
and  CURTIS C. REDING, Chapter 13 Trustee, :
                              Respondents.     :

CERTIFICATE OF SERVICE

        This is to certify that I have this day served all parties in the within and foregoing matter
with a copy of the attached Motion for Relief from Stay, Motion for Relief from Co-Debtor Stay,
by depositing a copy of the same in the United States Mail, postage prepaid, addressed as
follows:

Curtis C. Reding                           Bessie L. Marshall
P.O. Box 173                               105 Cottonwood Court
Montgomery, AL 36101                       Prattville, AL 36067


Richard D. Shinbaum                        Jamie Chantal Marshall
Shinbaum, McLeod & Campbell                105 Cottonwood Court
P.O. Box 201                               Prattville, AL 36067
Montgomery, AL 36101


This 23rd day of April, 2010


/s/ _____ Paul R. Knighten _____
Paul R. Knighten, AL Bar KNI017